# IN THE UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF ILLINOIS

ALFRED FRENCH-SMITH,       )
                                     )
            Plaintiff,           )
                                       )
vs.                                  )      CIVIL NO. 09-cv-148-DRH
                                       )
DR. DAVID, *et al.*,             )
                                       )
            Defendants.        )

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

Plaintiff, an inmate at the Shawnee Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff seeks injunctive relief and punitive and compensatory damages for deliberate indifference to his medical needs. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be

granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 590 U.S. 544, 570 (2007).  A complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Although the Court is obligated to accept factual allegations as true, some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, No. 08-4286, 2009 WL 2535731, at *5 (7th Cir. Aug. 20, 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Service*, No. 06-4260, 2009 WL 2498580, at *2 (7th Cir. Aug. 18, 2009).

### THE COMPLAINT

Plaintiff suffers from chronic sinus problems.  Plaintiff claims that he has repeatedly gone to sick call for his condition, and the medical staff has prescribed chlorpheniramine. Plaintiff claims the chlorpheniramine has no effect on his chronic sinus problem and that he suffers as a result.  In lieu of chlorpheiramine, Plaintiff wants a sinus spray, but he claims the medical staff will not prescribe him the spray because it costs too much and because prisoners are not allowed to have steroids.  French-Smith also claims the medical staff told him they would no longer treat him unless he paid a $6.00 co-pay.  Finally, Plaintiff alleges deliberate indifference on the part of the administrative staff in charge of grievance procedures for denying his grievances.

Based on the allegations of the complaint, the Court finds it convenient to divide Plaintiff's *pro se* action into three counts.  The parties and the Court will use these designations in all future

pleadings and orders, unless otherwise directed by a judicial officer of this Court.  The designation

of these counts does not constitute an opinion as to their merit.

> **COUNT 1:** Denial of adequate medical care for his chronic sinus condition by refusing to prescribe a sinus spray in violation of the Eighth Amendment.
>
> **COUNT 2:** The imposition of the $6.00 co-pay violates Due Process.
>
> **COUNT 3:** Prison staff who reviewed his grievances were deliberately indifferent to his need for adequate medical care in violation of the Eighth Amendment.

## DISCUSSION

### A. Count 1 (medical claim).

Plaintiff alleges that the failure to prescribed his preferred course of treatment (i.e., a nasal

spray) for his chronic sinus condition constitutes deliberate indifference to his medical needs.

Deliberate indifference to a prisoner's serious medical needs may constitute cruel and unusual

punishment under the Eighth Amendment.  *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Farmer v.*

*Brennan*, 511 U.S. 825 (1994).  This encompasses a broader range of conduct than intentional denial

of necessary medical treatment, but it stops short of "negligen[ce] in diagnosing or treating a

medical condition."  *Estelle,* 429 U.S. at 106.  *See also Jones v. Simek,* 193 F.3d 485, 489 (7th Cir.

1999); *Steele v. Choi*, 82 F.3d 175, 178 (7th Cir. 1996), *cert. denied,* 519 U.S. 897 (1996).

> A prisoner raising an Eighth Amendment claim against a prison official therefore must satisfy two requirements.  The first one is an objective standard: "[T]he deprivation alleged must be, objectively, 'sufficiently serious.'"  *Farmer*, 511 U.S. at —, 114 S.Ct. at 1977.  As the Court explained in *Farmer*, "a prison official's act or omission must result in the denial of the minimal civilized measure of life's necessities."  *Id.*  The second requirement is a subjective one: "[A] prison official must have a 'sufficiently culpable state of mind,'" one that the Court has defined as "deliberate indifference."  *Id; see Hudson v. McMillian*, 503 U.S. 1, 5, 112 S.Ct. 995, 998, 117 L.Ed.2d 156 (1992) ("[T]he appropriate inquiry when an inmate alleges that prison officials failed to attend to serious medical needs is whether the officials

3

exhibited 'deliberate indifference.'"); *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976) ("[D]eliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain.'").

*Vance v. Peters,* 97 F.3d 987, 991-992 (7th Cir. 1996), *cert. denied,* 520 U.S. 1230 (1997).

The Seventh Circuit's decisions following this standard for deliberate indifference in the denial or delay of medical care require evidence of a defendant's actual knowledge of, or reckless disregard for, a substantial risk of harm. The Circuit also recognizes that a defendant's inadvertent error, negligence or even ordinary malpractice is insufficient to rise to the level of an Eighth Amendment constitutional violation.

> Neglect of a prisoner's health becomes a violation of the Eighth Amendment only if the prison official named as defendant is deliberately indifferent to the prisoner's health – that is, only if he 'knows of and disregards an excessive risk to inmate health or safety.'

*Williams v. O'Leary*, 55 F.3d 320, 324 (7th Cir.), *cert. denied,* 516 U.S. 993 (1995); *see also Steele*, 82 F.3d at 179 (concluding there was insufficient evidence of doctor's knowledge of serious medical risk or of his deliberate indifference to that risk; emphasizing that even malpractice is not enough proof under *Farmer*); *Miller v. Neathery*, 52 F.3d 634, 638-39 (7th Cir. 1995) (applying *Farmer* mandate in jury instruction). Furthermore, mere disagreement with a physician's chosen course of an inmate's medical treatment does not amount to deliberate indifference under the Eighth Amendment. *See Snipes v. DeTella*, 95 F.3d 586, 591 (7th Cir. 1996)

The Court accepts that Plaintiff's sinus condition is an objectively serious medical need. However, Plaintiff's complaint and attached exhibits does not demonstrate deliberate indifference to that condition. According to the complaint and attached exhibits, Plaintiff was evaluated several times by the medical staff and prescribed treatment within the proper bounds of treatments available for his condition. While these treatments may not be the preferred treatment Plaintiff wants, the

Court cannot conclude that the defendants have been deliberately indifferent to his condition. Therefore, Count 1 of the complaint should be dismissed.

**Count 2 (Due Process).**

Plaintiff also alleges that Defendant Runge told him he needed to go to sick call three times and pay a $6.00 co-pay in order to see her again. He claims this violates the Illinois law mandating a $2.00 co-pay and is a constitutional violation.

Courts have consistently held that a co-payment plan is not unconstitutional. *See Reynolds v. Wagner*, 128 F.3d 166, 174 (3rd Cir. 1997) (prisoner co-payment plan does not violate the Eighth Amendment); *Shapley v. Nevada Bd. of State Prison Commissioners*, 766 F.2d 404, 408 (9th Cir. 1985) (nothing *per se* unconstitutional about charging an inmate $3 for every medical visit; such a charge, by itself, did not constitute deliberate indifference under *Estelle*); *Hudgins v. DeBruyn*, 922 F.Supp. 144, 150-52 (S.D.Ind. 1996) (prisoner co-payment plan does not violate the Eighth Amendment); *Martin v. DeBruyn*, 880 F.Supp. 610, 615 (N.D.Ind. 1995), *aff'd*, 116 F.3d 1482 (7th Cir. 1997) (Eighth Amendment guarantees only that inmates receive necessary medical care; it does not guarantee free medical care).

Based on this standard, it appears that requiring a defendant to pay a co-pay is not a constitutional violation. Also, from Plaintiff's own statement of facts, the Court easily concludes that advise Plaintiff to see the nurses at least three times would bring his total co-pay to $6.00, and that the $6.00 charge would be consistent with Illinois law under those circumstances. Therefore, Plaintiff's Due Process claim will be dismissed.

**Count 3 (Grievance).**

Finally, French-Smith alleges that the grievance staff was also deliberately indifferent to his

pain and suffering at the hands of the medical staff.

The deliberate indifference standard is satisfied if the plaintiff shows that the prison official acted or failed to act despite the official's knowledge of a substantial risk of serious harm. *Farmer v. Brennan*, 511 U.S. at 842.   A failure of prison officials to act in such circumstances suggests that the officials actually want the prisoner to suffer the harm. *Jackson*, 955 F.2d at 22.  It is well-settled that mere negligence is not enough. *See, e.g., David v. Cannon*, 474 U.S. 344, 347-48 (1986).  Under this standard, Plaintiff's claim fails because his exhibits show that the grievance staff investigated his complaints and found the medical care he received to be sufficient.

Additionally,  Plaintiff, and many other inmates, seem to think that any prison employee who knows (or should know) about his problems has a duty to fix those problems.  That theory is in direct conflict with the well-established rule that "public employees are responsible for their own misdeeds but not for anyone else's." *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009).  *See also Monell v. Department of Social Services*, 436 U.S. 658 (1978); *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (doctrine of respondeat superior does not apply to § 1983 actions).  As Chief Judge Easterbrook recently stated,

> Public officials do not have a free-floating obligation to put things to rights, disregarding rules (such as time limits) along the way. Bureaucracies divide tasks; no prisoner is entitled to insist that one employee do another's job.  The division of labor is important not only to bureaucratic organization but also to efficient performance of tasks; people who stay within their roles can get more work done, more effectively, and cannot be hit with damages under § 1983 for not being ombudsmen.  Burks's view that everyone who knows about a prisoner's problem must pay damages implies that he could write letters to the Governor of Wisconsin and 999 other public officials, demand that every one of those 1,000 officials drop everything he or she is doing in order to investigate a single prisoner's claims, and then collect damages from all 1,000 recipients if the letter-writing

> campaign does not lead to better medical care.  That can't be right.
> The Governor, and for that matter the Superintendent of Prisons and
> the Warden of each prison, is entitled to relegate to the prison's
> medical staff the provision of good medical care.  *See Durmer v.
> O'Carroll*, 991 F.2d 64 (3$^d$ Cir. 1993).

*Burks*, 555 F.3d at 595.  The prison officials who reviewed Plaintiff's grievances are not medical

doctors and are entitled to rely on the judgment of the medical staff as to what is - or is not -

appropriate medical treatment.  That they learned of Plaintiff's dissatisfaction with his the medical

care he was provided through the grievance system, does not make them liable to  arrange different

care for Plaintiff.  Therefore Count 3 will be dismissed.

## DISPOSITION

In summary, Plaintiff's complaint does not survive review under § 1915A.  Accordingly, this

action is **DISMISSED** with prejudice.  Plaintiff is advised that the dismissal of this action will count

as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).  All pending motions

are **DENIED** as moot.

**IT IS SO ORDERED.**

**DATED:** September 21, 2009.

/s/   DavidRHerndon
**DISTRICT JUDGE**